## David Ford v. Hine Brothers Company.

### Gen. No. 11,309.

1.   COLLISION—*duty of driver of wagon to avoid, with street car.* It is the duty of the driver of a wagon when he sees that a car approaching a street crossing is likely to come into collision with his wagon, to use reasonable diligence to check or stop his wagon so as to avoid the same.

2.   INSTRUCTION—*how, should be drawn where it concludes with a direction to find a particular verdict.* Such an instruction should be so drawn as to leave no room for doubt as to the fact or facts upon which the instruction is so made to depend.

Action on the case for personal injuries.   Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903.   Reversed and remanded.   Opinion filed July 12, 1904.

CHARLES CHENEY HYDE, for appellant.

F. J. CANTY and R. W. IRWIN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by plaintiff from a judgment, upon a verdict of not guilty, in an action on the case for personal injuries. The principal contention is that the verdict is against the evidence.

Plaintiff was a conductor of an electric car of the Chicago City Railway Company and when upon the rear platform of his car, was struck by the tongue of a wagon of the defendant and seriously injured.

The tracks of the Lake Shore Railroad Company, running north and south, cross 22nd street, running east and west, on a viaduct. The street under the viaduct is five and six-tenths feet below the general level of the street and the viaduct is some feet above that level. The route of the car on which plaintiff was when he was injured, was east on 22nd street to Clark street, and thence north in Clark street. It ran on the south track in 22nd street and on the east track in Clark street. The tracks in 22nd street extend some blocks east of Clark, but the City Railway Company's cars do not run east of Clark street. The rails of the track upon which the car ran left the south track in 22nd street fifteen feet west of the east line of the Lake Shore viaduct and curved to the north and east until they reached a point ten feet north of the north line of Clark street and from thence ran north in Clark street. The grade or incline from the general level of 22nd street to the viaduct begins 225 feet east of the point where the track on which the car ran leaves the south track, and 200 feet east of the point where that track crosses the north track in 22nd street. The grade is from two and eight-tenths to three per cent. The distance from the west line of the viaduct to the north rail of the north track on 22nd street, measured along the track on which the car ran, is a little less than one hundred feet. From the place under the viaduct where the tracks turning into Clark leave the track on 22nd street, to the north rail of the north track, is sixty

feet.   The wagon was drawn by two horses, had a load of about three tons, and was in the north track in 22nd street going west.

The declaration charges that the defendant negligently drove, managed and controlled said team and wagon, and that by reason of such negligence the wagon struck and injured the plaintiff.

There is no controversy as to the facts and circumstances most material to the decision of the question whether the driver of the wagon was guilty of negligence in the control and management of the team and wagon.

As to the relative positions of the car and the wagon at the time the driver of the wagon first saw the approaching car, there is only the testimony of the two servants of the defendant then on the wagon, the driver and his helper, both called by the defendant.   From their testimony it clearly appears that when they first saw the car, it was under the Lake Shore viaduct, and that the wagon had not yet started down the incline.   It also appears that they then knew that the route of the car was not east on 22nd street beyond Clark street, but that the car would turn into Clark street and so would cross the track the wagon was in. There was nothing unusual in the movement of the car.   It slowed down as it approached the switch, and while on the curve, but did not come to a stop.   As to this the witnesses for the plaintiff and all the witnesses for the defendant but one, agree.   To cross the track on which the car was coming, the wagon, from the top of the incline, had to run over two hundred feet.   To cross the track on which the wagon was, the car, if it was at the west side of the viaduct, had to run less than one hundred feet; if it was at the switch, only sixty feet.   There is no claim that the plaintiff was guilty of contributory negligence, and the jury, by implication, found that the driver of the wagon was not guilty of negligence.   Their finding was, in our opinion, upon the undisputed facts, against the evidence.   That the car reached the crossing before the wagon reached it, is shown by the fact that the wagon struck the rear platform of the car.   It was

the duty of the driver of the wagon when he saw that the car was approaching the crossing and that there was danger of a collision to use reasonable efforts to check or stop the wagon. He testified that he pulled on the lines with all his strength, and that the horses could not hold back the wagon with the wheels in the car tracks, but he made no effort to stop the wagon by turning his team to the right or left, and there is no evidence tending to show that he could not by so doing have stopped or at least materially checked the speed of the wagon. Even if he could not have either stopped or checked the wagon by turning his team out of the track, no reason is shown why he could not have turned out to the soutn and passed behind the car and he made no effort to do so. If it be said that the team could not, by reason of the heavy load, check or stop the wagon nor even turn the wagon to the south out of the tracks and so pass behind the car, the answer is that the driver was guilty of negligence if, with a team and wagon which he could not stop or check or turn out from the car tracks while they were going down the incline, he started down the incline and attempted to cross the Clark street track in front of the car, for the wagon, as has been said, from the place where it was when the driver saw the car coming, had to go two hundred feet to reach the crossing and the car had to go, at most, less than one hundred feet, and the driver knew when he started to drive down the incline that the track the car would take crossed the track his wagon was running in at the foot of the incline.

The giving of the following instruction for defendant is also assigned as error :

"The court instructs the jury that the defendant had the right to drive its wagon on that part of 22nd street where the accident and injury complained of occurred, notwithstanding the fact that the tracks of the Chicago City Railway Company occupied a portion of the streets, and therefore the mere fact that the wagon of the defendant was on the street or on the tracks of the Chicago City Railway Company, is not sufficient of itself to make the defendant liable to the plaintiff in this case; and unless you

find, from the evidence, the further fact that the defendant was guilty of negligence in driving its wagon on the street or the tracks of the Chicago City Railway Company, you should find the defendant not guilty."

It is contended that this instruction may be so construed as to withdraw from the jury the question whether the driver of the defendant negligently managed and controlled the team and wagon of defendant, after they had gone upon 22nd street, because of the direction that unless the jury found "that the defendant was guilty of negligence *in driving its wagon on the street or tracks* of the Chicago City Railway Company, they should find the defendant not guilty."

An instruction that closes with a direction that unless the jury find a certain fact against the defendant they shall find the defendant not guilty, should be so framed as to leave no room for doubt as to the fact upon which the verdict is thereby made to depend. We think the proper construction of the language used is that unless the jury found that the defendant was guilty of negligence in managing and controlling its team and wagon while the same were on the street or tracks they should find the defendant not guilty, but the words used were not well chosen to convey the meaning intended.

For the reason that the verdict is, in our opinion, against the evidence, the judgment of the Superior Court will be reversed and the cause remanded.

*Reversed and remanded.*